## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------

DENNIS-MICHAEL IRELAND :
3625 Welsh Road, Apartment D13 :
Willow Grove, PA 19090 :
:
               Plaintiff, :
:     Civil Action No.: _____
       v. :
: **JURY TRIAL DEMANDED**
XTL-PA, INC. :
3200 South 70th Street :
Philadelphia, PA 19153 :
:
             Defendant. :

---------------------------------------------------------------

### COMPLAINT – CIVIL ACTION

Plaintiff, Dennis-Michael Ireland ("Plaintiff"), by and through his undersigned attorney, for his Complaint against XTL-PA, Inc. ("Defendant") alleges as follows:

### INTRODUCTION

1.     Plaintiff initiates this action contending that Defendant has violated Plaintiff's rights protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* ("PHRA"). Specifically, Plaintiff contends that Defendant subjected him to differential treatment, harassment, and/or a hostile work environment on the basis of his race (African American), and terminated his employment in retaliation for his complaints in connection thereto.

2.     Additionally, Plaintiff brings this Complaint contending that Defendant failed to pay compensation and overtime compensation pursuant to the requirements of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.100, *et seq.*, ("PMWA").

## PARTIES

3.　　Plaintiff, Dennis-Michael Ireland, is a citizen of Pennsylvania and the United States who currently maintains a residence at 3625 Welsh Road, Apartment D13, Willow Grove, PA 19090.

4.　　Defendant, XTL-PA, Inc., is a for-profit corporation operating and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 3200 South 70th Street, Philadelphia, PA 19153.

5.　　At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with Defendant.

## JURISDICTION AND VENUE

6.　　Paragraphs 1 through 5 are hereby incorporated by references as though the same were fully set forth at length herein.

7.　　On or about May 17, 2019, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dually filed with the Pennsylvania Human Relations Commission ("PHRC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (e), and 43 P.S. § 959(a). Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2019-04016. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

8.　　By correspondence dated August 1, 2019, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

2

9.      On or about October 16, 2019, within the statutory time frame applicable to his claims, Plaintiff filed the instant action.

10.      Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

11.      This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

12.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

13.      This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction. See 29 U.S.C. § 216(b).

14.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as his federal law claims. See 28 U.S.C. § 1367(a).

15.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendant's principal place of business is located in this district, and the unlawful practices of which Plaintiff is complaining were committed in this district.

## FACTUAL ALLEGATIONS – TITLE VII AND PHRA

16.      Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.      On or about June 4, 2017, Defendant hired Plaintiff in to the position of Supervisor.

18.      At all times material hereto, Plaintiff performed his job duties well, receiving occasional praise, positive feedback, and no significant discipline.

3

19.     During his tenure, Plaintiff was subjected to differential treatment on the basis of his race.

20.     By way of example, in or around October 2018, Plaintiff brought in lunch for a Caucasian female coworker. In response, Vincent Cangialosi ("Mr. Cangialosi") stated Plaintiff was "pussy whipped" and would refer to Plaintiff and the Caucasian female coworker as "Salt and Pepper."

21.     Upon information and belief, Mr. Cangialosi's comments were directed at Plaintiff's platonic relationship with his Caucasian female employee due to his race, African American.

22.     Subsequently, Plaintiff was contacted by Defendant's Human Resources Department ("HR") after the Caucasian female coworker complained of Mr. Cangialosi's behavior. Notably, HR assured Plaintiff that Mr. Cangialosi "is not a racist."

23.     After the October 2017 incident, Mr. Cangialosi continued subjecting Plaintiff to differential treatment on the basis of his race.

24.     Indeed, Plaintiff continued to report Mr. Cangialosi's discriminatory and/or harassing behavior to Defendant's HR. Again, HR assured Plaintiff that Mr. Cangialosi "is not a racist."

25.     Then, on or about November 16, 2018, Plaintiff sent HR a formal complaint via email regarding the racial discrimination and/or harassment to which he was subjected.

26.     Notably close in proximity to his complaint of discrimination and/or harassment, on or about November 30, 2018, Defendant terminated Plaintiff's employment.

27.     Defendant's alleged reason for Plaintiff's termination was due to mistakes caused by another employee of Defendant and are pretextual.

28.     Accordingly, based on the foregoing circumstances and timing, Plaintiff believes that he was subject to severe and/or pervasive harassment because of his race, and in retaliation for making good-faith complaints of discrimination and/or harassment on the basis of his race, in connection thereto, in violation of Title VII and the PHRA.

29.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion, benefits, earnings and earnings, potential, loss of potential benefits, and other economic damages, and also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## FACTUAL ALLEGATIONS – FLSA AND PMWA

30.     Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

31.     On or about June 4, 2017, Defendant hired Plaintiff in to the position of Supervisor.

32.     At the outset of his employment, Plaintiff routinely worked over forty (40) hours per week. Specifically, Plaintiff routinely worked approximately fifty (50) to sixty (60) hours per week.

33.     Plaintiff was compensated on a salary of $55,000.00 per year, receiving approximately $1,057.69 per week, regardless of the actual hours Plaintiff worked.

34.     From June 4, 2017 to November 30, 2018, Plaintiff was not paid overtime compensation at a rate of 1.5 times his regular rate of pay for hours worked in excess of forty (40) in a workweek.

35.     By way of example, during the week of June 10, 2018, Plaintiff worked fifty-five (55) hours, but did not receive any overtime compensation for the approximately fifteen (15) hours of overtime he worked that workweek.

36.     Upon information and belief, Defendant failed to supply information via posters and/or handbook(s) regarding overtime compensation.

37.     At all times material hereto, Defendant did not post and/or failed to post employee rights protected under the FLSA/PMWA in a conspicuous space for employees to readily read it.

38.     The above-referenced behavior evidences the willfulness of Defendant's violations of the FLSA and PMWA.

39.     In violation of the FLSA and PMWA, Defendant unlawfully failed to track, record, and report all the hours worked by Plaintiff.

40.     Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA. Plaintiff does not meet the duties of the executive exemption. Plaintiff did not have the authority to hire and/or fire other employees employed by Defendant, nor did he have the authority to subject employees to discipline. Plaintiff's primary job duties involved directing employees where to put product.

41.     Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

42.     Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA. Plaintiff's primary duties did not include the performance of office and/or non-manual work directly related to the management or general business operations of Defendant. Additionally, Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to matters of significance. Plaintiff

6

primarily performed work involving employee workflow set within specific guidelines by Defendant. Plaintiff did not have authority to go beyond Defendant's promulgated guidelines with respect to his job duties.

43.    Accordingly, Plaintiff was not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

44.    Accordingly, at all times relevant hereto, Plaintiff was a "non-exempt" employee under the FLSA/PMWA, and entitled to receive overtime compensation at a rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in a workweek.

45.    As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e, *et seq.***
**DISCRIMINATION, RETALIATION, HARASSMENT AND**
**HOSTILE WORK ENVIRONMENT**

46.    Paragraphs 1 through 45 are hereby incorporated by reference as though the same were fully set forth at length herein.

47.    Defendant employed at least fifteen (15) employees at all times relevant hereto.

48.    Plaintiff is African American and as such is a member of a class protected under Title VII from unlawful discrimination and/or harassment because of race.

49.    Defendant subjected Plaintiff to or otherwise permitted the existence of a hostile work environment because of his race, in violation of Title VII.

50.    Plaintiff made good-faith complaints of discrimination on the basis of his race.

51.    Defendant failed to take appropriate remedial action to address Plaintiff's complaints.

52.     Plaintiff was retaliated against for making good-faith complaints of discrimination on the basis of his race by being terminated from employment.

53.     Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

54.     Because of Defendant's deliberate, unlawful, wanton, and malicious actions as set forth above, Plaintiff suffered damages in the form of, *inter alia*, loss of past and future wages and compensation, mental and emotional damages, damage to reputation, personal humiliation, and loss of life's enjoyment.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.     Back wages and front pay, in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## COUNT II
## PENNSYLVANIA HUMAN RELATIONS ACT
### 43 P.S. § 951, *et seq.*
## DISCRIMINATION, RETALIATION & HOSTILE WORK ENVIRONMENT

55.     Paragraphs 1 through 54 are hereby incorporated by reference as though the same were fully set forth at length herein.

56.     The conduct described above constitutes a violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said act.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grand him the maximum relief allowed by law, including, but not limited to:

A.     Back Wages and front pay in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

B.     Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.     Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D.     Pre-judgment interest in an appropriate amount; and

E.     Such other and further relief as is just and equitable under the circumstances.

F.     Any verdict in favor of Plaintiff is to be molded by the court to maximize the financial recovery available to Plaintiff in light of caps on certain damages as set forth by applicable law.

## COUNT III
## FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

57.     Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58.     Pursuant to Section 206 of the FLSA, all employees must be compensated for every hour worked in a workweek.

59.     Moreover, Section 207(a) of the FLSA states that an employee must be paid overtime, equal to 1.5 times his or her regular rate of pay, for all hours worked in excess of forty (40) hours per week.

60.     According to the policies and practices of Defendant, Plaintiff has worked in excess of forty (40) hours per week. Despite working in excess of forty (40) hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week in violation of the FLSA. Defendant failed to pay Plaintiff at a rate of at least 1.5 times his regular rate of pay for each hour Plaintiff worked in excess of forty (40) hours in a workweek.

61.     The foregoing actions of Defendant and the policies and practices of Defendant violated the FLSA.

62.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

63.     Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B.      Adjudicating and declaring Defendant violated the FLSA by failing to pay overtime pay to Plaintiff for work performed in excess of forty (40) hours per week;

C.      Awarding Plaintiff's back pay wages and/or overtime wages in an amount consistent with the FLSA;

D.      Awarding Plaintiff liquidated damages in accordance with the FLSA;

E.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F.      Awarding pre- and post-judgment interest and court costs as further allowed by law; and

G.      All additional general and equitable relief Plaintiff may be entitled.

**COUNT IV**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333.101,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

64.     Paragraphs 1 through 63 are hereby incorporated by reference as though the same were fully set forth at length herein.

65.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees. See 43 P.S. § 333.104.

66.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid overtime not less than on-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a work week. See 43 P.S. § 333.104.

67.     By its actions alleged above, Defendant violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

68.     As a result of Defendant's unlawful acts, Plaintiff has been deprived overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorneys' fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff prays for the following relief:

A.      An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B.      An award to Plaintiff of reasonable attorneys' fees and costs pursuant to the PMWA; and

C.      An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,


Michael Murphy, Esq.
Edmund C. Celiesius, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
ec@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: 10/14/19

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.